UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
RAFAEL ALMEIDA, *individually and on behalf of all* :
*others similarly situated*, :
                                   Plaintiffs, :    11 Civ. 8812 (JMF)
:
         -v- :    <u>ORDER</u>
:
AMMOS ESTIATORIO NYC; DIMITRIS NAKOS, *in his* :
*individual and professional capacity*, :
                                   Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

      The parties in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, have submitted a settlement agreement to the Court for its approval. *See Wolinsky v. Scholastic Inc.*, 11 Civ. 5917 (JMF), 2012 WL 2700381, at *2-4 (S.D.N.Y. July 5, 2012) (noting that where claims under FLSA are settled for less that the statutory amount of damages, the settlement — including any proposed attorney's fee award — must be scrutinized by the Court to ensure that it is fair and reasonable and identifying factors a court may consider in this inquiry). By order entered June 29, 2012, the Court directed the parties to submit a joint letter providing additional information about the value of the Plaintiff's claims for purposes of evaluating the settlement.

      In its June 29, 2012 order, the Court also noted that it could not approve a settlement agreement with a confidentiality provision because the agreement constitutes a judicial document subject to the common law right of access. *See id.* at *3-4 (explaining the common law right of public access as it relates to settlement agreements in FLSA cases). The Court directed the parties to indicate whether they adhered to the settlement agreement — in which case the agreement and letters concerning the agreement would be docketed — or intended to abandon the agreement

and continue to litigate the case. In the event the parties adhered to the settlement agreement without the confidentiality provision, the Court further ordered Plaintiff's counsel to submit, for *in camera* review, his invoice or equivalent information regarding his work on the case.

By joint letter dated July 9, 2012, the parties have indicated that they adhere to their settlement notwithstanding the Court's ruling on the confidentiality provision. By letter the same day, Plaintiff's counsel submitted his billing records for the Court's review *in camera*. The Court, having reviewed these submissions, finds that the settlement is fair and reasonable, given both the nature and scope of the Plaintiff's individual claim as well as the risks and expenses involved in additional litigation. Further, the Court finds that the proposed award of attorney's fees, while high relative to the size of the Plaintiff's claim and recovery, is not unreasonable given counsel's actual work on the case. Accordingly, the Court approves the settlement agreement — a copy of which is attached to this order — and dismisses the case with prejudice.

The Clerk of the Court is directed to close this case. All pending motions are moot.

SO ORDERED.

Dated: New York, New York
July 12, 2012

JESSE M. FURMAN
United States District Judge

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Agreement and Release ("Agreement") sets forth the mutual understanding between RAFAEL ALMEIDA (hereinafter referred to as "plaintiff") and AMMOS ESIATORIO NYC and DIMITRIS NAKOS, the defendant company's parents, subsidiaries, affiliates, successors and assigns, divisions, their respective past and present officers, owners, shareholders, directors, principals, employees, former employees, representatives, service providers, counsel and/or agents whether in their official or personal capacity, and each of their respective successors and assigns (hereinafter collectively referred to as "defendants"), regarding plaintiff's employment and the settlement of any and all claims plaintiff had or may have against defendants.

**WHEREAS**, plaintiff brought an action against defendants in the United States District Court, Southern District of New York (Docket No.: 11-CV-8812) (the "Action"), alleging violations of wage and hour laws under the Fair Labor Standards Act and the New York Labor Law;

**WHEREAS**, defendants deny that they failed to pay plaintiff all wages owed to him, violated the Fair Labor Standards Act or the New York Labor Law;

**WHEREAS**, plaintiff and defendants mutually desire to settle and resolve all disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, defendants and plaintiff, having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Payment**

    In lieu of incurring litigation costs associated with defending the Action commenced against them by plaintiff and in consideration for plaintiff's execution of this Agreement, which includes a general release, defendants agree to the following:

    (a) Defendants agree to pay Plaintiff the sum of TWENTY THOUSAND DOLLARS, ($20,000.00), inclusive of all unpaid wages, liquidated damages, interest, costs and attorneys fees incurred in the Action ("Settlement Funds") broken down as follows (a) $7,054.00 as attorneys' fees and costs payable to "The Ottinger Firm, PC" under Taxpayer ID number 13-4149303 and (b) $12,946.00 to Plaintiff, paid in the following manner:

    A "first payment" of $10,000.00 within thirty (30) days of the execution of this Agreement and a "second payment" of $10,000.00 within thirty (30) days after the first payment.

    (b) The Settlement Funds will be made via checks payable on each Payment Date in the following amounts:

| Check payable to | First Payment | Second Payment | Total of Payments |
|---|---|---|---|
| Rafael Almeida | $6,473.00 | $6,473.00 | $12,946.00 |
| The Ottinger Firm, PC | $3,527.00 | $3,527.00 | $7,054.00 |

(c) The checks shall be delivered to Plaintiff on or before the Payment Dates to the following address:

The Ottinger Firm, PC
19 Fulton Street, Suite 408
New York, New York 10038

(d) Defendants or any entity making payment on defendants' behalf shall issue a Form 1099 to The Ottinger Firm, PC under Taxpayer ID number 13-4149303 for so much of the payment as represents his attorney's fees and disbursements, specifically, $7,054.00.

(e) Plaintiff understands and agrees that defendants are not withholding federal, state or local income taxes, FICA, Social Security, Medicare, or any other withholding taxes and therefore agrees and promises to pay all taxes which may be due in the event a governmental taxing authority determines that any such taxes are due. Plaintiff further agrees to hold defendants harmless from all liabilities for failing to withhold the foregoing tax items from the payments to him and to pay the defendants' costs and expenses, without limitation, attorneys' fees, incurred if such a claim is made.

(f) If any payment hereunder comes due before the settlement agreement has been finalized, "So Ordered" or before the 7-day waiting period expires, any funds due and owing shall be paid into the escrow account of defense counsel when due, and shall be paid to plaintiff forthwith when each of the aforesaid conditions have been met.

2. **Settlement of All Claims**

Upon execution of this Agreement, all claims and/or potential claims by plaintiff against defendants, including but not limited to, claims for wages, back pay, mental anguish, pain, suffering, and other compensatory damages, punitive damages and attorneys' fees, and without admission that plaintiff has established that any such claims have any merit or that plaintiff has incurred any damages, shall be deemed settled, satisfied and resolved.

3. **Covenant Not to Sue**

Plaintiff shall not hereafter directly or indirectly commence, continue, assist or participate in any lawsuit, charge, claim or proceeding, in any forum (including but not limited to any court or agency, with the exceptions discussed herein), against defendants arising out of or relating to

any allegation or claim (whether plaintiff's or any other person's) concerning plaintiff's employment with defendants, or all claims referred to or identified in the various correspondence, pleadings, etc. to and between the parties' respective law firms, unless directed by court order or subpoena.

4. **Non-Admission**

This Agreement does not constitute an admission that defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever and plaintiffs expressly acknowledge that defendants continue to deny any wrongdoing.

5. **Confidentiality**

(a) Unless otherwise required by law, the terms and provisions, and existence of this Agreement or the documents or substance of any documents exchanged during this proceeding shall not, directly or indirectly be disclosed (in whole or in part) or characterized by defendants, plaintiff, or plaintiff's parents, spouse, agents or representatives, to any other person or entity, except that the parties may disclose the terms of this Agreement to their attorneys or financial advisor(s), each of whom have agreed to maintain such information in confidence. Plaintiff represents and warrants that, except as heretofore disclosed in writing to defendants, plaintiff nor their parents, spouses, agents or representatives have heretofore made any disclosure or characterization (other than as provided for above) of the terms and provisions of this Agreement (in its final form and/or in any previous drafts thereof) or the negotiations leading thereto. Anything to the contrary notwithstanding, the terms of this Agreement may be disclosed in a proceeding to enforce this Agreement, or where required by applicable law, court order, or subpoena, but provided that if they are required by law, they shall notify defendants c/o Adam C. Weiss, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042, in writing of any such required disclosure not less than ten (10) days prior to the time set for disclosure, if possible without violating any deadline set forth by applicable law, court order, or subpoena requiring such disclosure, to allow defendants sufficient time to respond.

(b) Confidentiality of the terms of this Agreement is of utmost importance to the defendants. Therefore, the parties agree that the confidentiality provision contained in this paragraph is a material term of the Agreement.

(c) If plaintiff breaches the terms of the confidentiality clause outlined in paragraph 5(a) of the Agreement, as determined by a court of competent jurisdiction, he shall pay to defendants liquidated damages of $3,000.

6. **Reemployment**

Plaintiff hereby waives any and all rights to employment, reinstatement or reemployment with the defendants, and specifically agrees that he will not in the future ever seek reemployment

3

in any position by defendants, nor will he seek or apply for any such employment either directly or indirectly through an employment agency, temporary agency, or third party.

7. **Representations**

   (a) Plaintiff understands and agrees that he has been advised that he has twenty-one (21) days from the date of this Agreement within which to decide whether to sign this Agreement, which includes a release of claims.

   (b) Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

   (c) Plaintiff understands and agrees that he has been advised that he has seven (7) days after signing this Agreement to change his mind and to revoke this Agreement. Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by any party for any purpose. If plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Adam C. Weiss, Esquire, Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Adam C. Weiss, Esquire, Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

   (d) Tender of payment to plaintiff by defendants as set forth in Paragraph 1 above shall be made to plaintiff only after receipt by defendants of the signed Agreement and upon the expiration of the seven (7) day revocation period referred to in paragraph 7(c) above.

8. **Non-Disparagement**

   Plaintiff agrees that he shall not knowingly make disparaging or detrimental comments, statements or the like about defendants in their professional and/or personal capacity to the media or otherwise. Defendants agree that they shall not knowingly make disparaging or detrimental comments, statements or the like about plaintiff in his professional and/or personal capacity to the media or otherwise. Should defendants be contacted for employment references for the plaintiff, defendants will provide positive or neutral information as appropriate, such as, by way of example, confirmation of job titles or duties and dates of employment.

9. **Release**

   In consideration of the payments, benefits, agreements and other consideration to be provided by defendants as described in the Agreement, plaintiff, for himself and for his heirs, executors, administrators and their respective successors and assigns (collectively, "plaintiff"), **HEREBY RELEASES AND FOREVER DISCHARGES** all defendants in United States

District Court, Southern District of New York (Docket No.: 11-CV-8812), to the maximum extent permitted by law, and their respective parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, their respective current and former officers, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns of and from all or any manner of Actions, causes and causes of Action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), specifically including by way of example but not limitation, the Fair Labor Standards Act, New York Labor Law, New York Code Rules and Regulations, Title VII of the Civil Rights Acts of 1964 and 1991, as amended; the Civil Rights Act of 1866; the Employee Retirement Income Security Act of 1974, as amended; the Occupational Safety and Health Act; the National Labor Relations Act, as amended; the Americans with Disability Act of 1990; the Age Discrimination in Employment Act of 1967, as amended; the Worker Adjustment and Retraining Notification Act; and all Federal, State and local statutes, regulations, decisional law and ordinances and all human rights, fair employment, contract and tort laws relating to plaintiff's employment with defendants and/or the separation thereof including, again by way of example but without limitation, the New York State Human Rights Law, any civil rights or human rights law, as well as all claims for or concerning wrongful discharge, breach of contract, personal injury, defamation, mental anguish, injury to health and reputation, working conditions and fraud, which plaintiff ever had, now have, or which plaintiff hereafter can, shall or may have for, upon or by reason of any matter, cause or thing whatsoever without limitation arising out of plaintiff's employment by defendants, the termination thereof, and/or the negotiation and/or execution of this Agreement, or all claims referred to or identified in various correspondence to and between the parties leading up to this Agreement. Moreover, this general release does not preclude the right of the plaintiff to file or pursue a charge with the National Labor Relations Board or with the Equal Opportunity Commission against defendants, but it precludes the plaintiff from any and all monetary recovery and any other relief personal to the plaintiff that may be awarded by the National Labor Relations Board or the Equal Employment Opportunity Commission.

**10.   Acknowledgment**

Plaintiff acknowledges that he was represented by counsel of his own choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that they read this Agreement fully and carefully and understand its terms; and that they are signing it knowingly and voluntarily. The Agreement has been read and/or translated into plaintiff's native tongue in such a manner that it is fully understood.

**11.   Oral Modifications Prohibited**

This Agreement represents the entire agreement between plaintiff and defendants with respect to plaintiff's employment with defendants. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

5

12. **Stipulated Order of Dismissal**

Plaintiff shall execute a Stipulation of Dismissal with prejudice to be filed with the appropriate court upon execution of this Agreement and subject to approval by the Court.

13. **Effective Date**

This Agreement and Release shall become effective immediately upon execution.

14. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

15. **Enforcement of the Agreement**

This Agreement shall be governed by the law of the State of New York, without regard to the choice of law or conflicts of law principles of any jurisdiction.

**Plaintiff:**

_____     _____
Rafael Almeida                                                     Dated

**Defendants:**

_____     _____
Ammos Esiatorio NYC                                       Dated
By:

_____     _____
Dimitris Nakos                                                    Dated